LAW OFFICE OF SCOTT E. WHEELER
Scott Ernest Wheeler (SBN 187998)
250 West First Street, Suite 216
Claremont, California 91711
Telephone: (909) 621-4988
Facsimile: (909) 621-4622
Email: sew@scottwheelerlawoffice.com

THE WAND LAW FIRM, P.C.
Aubry Wand (SBN 281207)
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 590-4503
Facsimile: (310) 590-4596
Email: awand@wandlawfirm.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION**

| | |
|---|---|
| LORENA MARTINEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KUEHNE + NAGEL, INC., a New Jersey corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Breaks<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Timely Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Maintain Required Records<br>7. Failure to Furnish Accurate Itemized Statements<br>8. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL** |

-1-
CLASS ACTION COMPLAINT

# INTRODUCTION

This is a class action brought by Lorena Martinez ("Plaintiff"), on behalf of herself and all other similarly situated individuals, against her employer Kuehne + Nagel, Inc. ("Kuehne + Nagel" or "Defendant"), in order to hold Kuehne + Nagel accountable for its systematic violations of California wage and hour laws. Plaintiff makes the following allegations on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on her respective personal knowledge.

1. Kuehne + Nagel owns and operates a transport and logistics company that provides integrated supply chain solutions for its clients. Kuehne + Nagel owns and operates offices in California and throughout the United States. The putative class in this case is comprised of non-exempt employees of Kuehne + Nagel who worked in California during the applicable statute of limitations period.

2. At all relevant times herein, Kuehne + Nagel has implemented common policies and practices that have resulted in systematic violations of California wage and hour laws. Kuehne + Nagel has failed to implement adequate practices to protect the rights of its employees given the nature of its business, which is to meet challenging shipping and logistics needs of clients.

3. In short, Kuehne + Nagel attempts to maximize profits by cutting labor costs, grossly understaffing its facilities, and ultimately cheating its employees out of wages and premiums. It does this by, among other common practices, failing to provide legally-compliant meal and rest periods, and failing to pay employees proper overtime in compliance with California law, among other violations of California laws, as alleged herein.

4. Plaintiff seeks declaratory, compensatory and other statutorily available relief for herself and a Class of all current and former non-exempt employees of Kuehne + Nagel in the state of California during the applicable statute of limitations period to compensate these workers for the wages Kuehne + Nagel has stolen from

them and to protect current and future workers from being subjected to similar unlawful working conditions perpetrated by Kuehne + Nagel.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a resident and citizen of the state of California and Kuehne + Nagel is a corporation that is a citizen of the state of New Jersey, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action including claims asserted on behalf of a California class, filed under Rule 23 of the Federal Rules of Civil Procedure, there are at least 100 proposed Class members, the aggregate amount in controversy exceeds five million dollars, and Kuehne + Nagel is a citizen of a state different from that of at least one member of the Class.

6. This Court has personal jurisdiction over Kuehne + Nagel because a substantial portion of the wrongdoing alleged in this Complaint took place in the state of California, Kuehne + Nagel is authorized to do business in the State of California, has sufficient minimum contacts with the state of California, and/or otherwise intentionally avails itself of the markets in the state of California through the operation of a restaurant in California, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) because substantial parts of the events or omissions giving rise to the claims occurred in this District and/or a substantial part of property that is the subject of this action is situated in this District. Kuehne + Nagel owns and operate several facilities that are situated in this District, including one in Redlands, where Plaintiff worked.

## THE PARTIES

8. Plaintiff is a non-exempt employee who worked as a Warehouse Associate at Kuehne + Nagel's Redlands facility during the applicable statute of limitations period. Plaintiff's duties included, but were not limited to, receiving, sorting and picking products, and other duties as assigned.

9. Kuehne + Nagel is, and at all times relevant herein was, a New Jersey corporation that is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, Kuehne + Nagel is a transport and logistics company that operates approximately ten different locations throughout Southern California, including several in San Bernardino County.

10. The true names and capacities of DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, and Plaintiff therefore sues such defendants under fictitious names. Plaintiff is informed and believes, and thereon alleges, that each defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and that Plaintiff and other employees' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of such DOE defendants when ascertained.

11. As a direct and proximate result of the unlawful actions of Kuehne + Nagel, Plaintiff and Class members have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Class:

> All non-exempt employees who worked for Kuehne + Nagel in California during the applicable statute of limitations period.

13. Plaintiff reserves the right to name additional Class representatives as may be necessary and appropriate. Plaintiff also reserves the right to modify or amend the definition of the proposed Class and/or add subclasses before the Court determines whether certification is appropriate.

14. This action is appropriately suited for a class action because:

A. The proposed Class is a significant number. Plaintiff is informed and believes that the proposed Class consists of hundreds of current and former non-exempt employees. Joinder of all current and former non-exempt employees individually would be impractical.

B. This action involves common questions of law and fact to the proposed Class because the action focuses on the Kuehne + Nagel's systematic course of illegal payroll practices and policies, which was applied to all non-exempt employees in uniform violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code, which prohibits unfair business practices arising from such violations. To name a few common questions that will drive the resolution of this action:

1. Whether Kuehne + Nagel failed to provide non-exempt employees with legally compliant meal periods and rest breaks;
2. Whether Kuehne + Nagel failed to pay overtime to non-exempt employees in compliance with California law;
3. Whether Kuehne + Nagel failed to timely pay wages to non-exempt employees in compliance with California law;
4. Whether Kuehne + Nagel failed to pay all wages owed and due to former non-exempt employees in compliance with California law;
5. Whether Kuehne + Nagel failed to maintain required records and accurate wage statements for non-exempt employees; and
6. Whether Kuehne + Nagel engaged in unfair and/or unlawful business practices.

C. Plaintiff's claims are typical of the proposed Class because Kuehne + Nagel subjected all of its non-exempt employees to the similar and overlapping violations of the California Labor Code, the applicable IWC wage order, and the California Business and Professions Code.

D. Plaintiff is able to fairly and adequately protect the interests of all members of the proposed Class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to the proposed Class for all services rendered and hours worked. Plaintiff has also retained counsel that is experienced in wage and hour class action litigation.

## FIRST CAUSE OF ACTION

**Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7, 510, 512, 1194, 1197; Wage Order No. 9-2001, § 11]**

*(For Plaintiff and the Class against Kuehne + Nagel)*

15. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 14.

16. During the applicable statute of limitations period, Kuehne + Nagel failed to implement adequate policies or procedures to provide meal periods to its non-exempt employees. Among other things, Kuehne + Nagel did not properly notify Plaintiff and Class members of their rights under California law to take timely, uninterrupted meal periods. In addition, Kuehne + Nagel denied Plaintiff and Class members compliant meal periods by requiring them to complete so much work within their shifts that they would be forced to skip their meal periods, often as a result of understaffing. Further, Kuehne + Nagel had no adequate policy to authorize and permit Plaintiff and Class members to take meal periods prior to the fifth hour of work, and thus Plaintiff and Class members systematically took late meal periods, when they were able to take a full, uninterrupted meal period in the first place.

17. In addition, Plaintiff and Class members are frequently required to perform work during meal periods. Despite this, Kuehne + Nagel implements an unlawful policy and practice of failing to pay them premium pay during interrupted meal periods, and instead pays them only for the actual time worked. Kuehne + Nagel's written policy states in relevant part:

> "If a non-exempt employee performs work-related tasks during the meal period, the meal period shall be compensated as time worked."

18. This is essentially a de facto "on-duty" meal period policy. However, this policy is in direct contravention of California law because the nature of the work did not prevent Plaintiff and Class members from being relieved of all duties during their meal periods, and moreover, neither Plaintiff nor Class members ever agreed in writing to work on-duty meal periods.

19. Plaintiff and Class members are also not provided with second meal periods when they work shifts of longer than ten hours because Kuehne + Nagel has no policy to provide second meal periods.

20. Kuehne + Nagel further violated California Labor Code sections 226.7, 512, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate Plaintiff and Class members for all hours worked during their meal periods.

21. As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION
### Failure to Provide Required Rest Breaks
### [Cal. Lab. Code §§ 226.7, 512; Wage Order No. 9-2001, § 12]
### (*For Plaintiff and the Class against Kuehne + Nagel*)

22. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 21.

23. During the applicable statute of limitations period, as part of Kuehne + Nagel's illegal policies and practices to deprive its current and former non-exempt employees all wages earned and due, Kuehne + Nagel failed to authorize and permit Plaintiff and Class members to take rest breaks as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

24. Kuehne + Nagel failed to implement policies or procedures to provide rest breaks, and Plaintiff and Class members did not take rest breaks when they were entitled to because they were not adequately informed of their rights under California law. Kuehne + Nagel did not provide adequate training regarding its legal obligations with respect to the provision of rest breaks, did not implement an adequate schedule regarding rest breaks for non-exempt employees, and otherwise did not adequately inform them of when they could take rest breaks. In short, Kuehne + Nagel has a non-existent rest break policy, as there is no guidance or specification as to when Plaintiff and Class members are authorized and permitted to take rest breaks during their shifts. This common policy (or lack thereof) has caused widespread missed rest breaks and systematic violations of California Labor Code §§ 226.7 and 512, and IWC Order No. 9-2001, § 12.

25. To the extent Kuehne + Nagel maintained any such policy or procedure, Kuehne + Nagel's policy was to discourage Plaintiff and Class members from taking their rest breaks by, among other things, giving them unreasonable amounts of work that had to be completed within their shift such that rest breaks simply could not be taken. Kuehne + Nagel fostered a culture in which taking a rest break came at the expense of completing all of one's job duties.

26. Kuehne + Nagel further violated Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by systematically failing to pay Plaintiff and Class members who were not provided with a rest break, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

27. As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages

### [Cal. Lab. Code §§ 510, 1194, 1198; Wage Order No. 9-2001, § 3]

*(For Plaintiff and the Class against Kuehne + Nagel)*

28. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 27.

29. Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, Kuehne + Nagel is required to compensate Plaintiff and Class members for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

30. During the applicable statute of limitations period, Kuehne + Nagel failed to compensate Plaintiff and Class members for all overtime hours worked as required under the foregoing provisions of the Labor Code and IWC Wage Order by failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order No. 9-2001, § 3, by among other things, failing to properly calculate the regular rate of pay of non-exempt employees; requiring, suffering, and/or permitting off-the-clock work; requiring, suffering, and/or permitting Plaintiff and other Class members to work through meal and rest periods; and other methods to be discovered.

31. Kuehne + Nagel has knowingly and willfully refused to perform its obligations to compensate Plaintiff and Class members for all wages earned and all

hours worked in violation of California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order No. 9-2001, § 3.

## FOURTH CAUSE OF ACTION

### Failure to Pay Timely Wages

### [Cal. Lab. Code §§ 204, 210]

*(For Plaintiff and the Class against Kuehne + Nagel)*

32. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 31.

33. California Labor Code § 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed. California Labor Code § 204 further provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code § 204 further provides that all wages eared for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

34. During the applicable statute of limitations period, Kuehne + Nagel, among other things, willfully failed to pay Plaintiff and Class members all wages earned and due to them, including but not limited to, meal and rest break premiums, overtime payments, and payment for work performed off-the-clock, within any time period permissible under Labor Code § 204.

35. As a proximate result of Kuehne + Nagel's unlawful actions and omissions, Plaintiff and Class members are entitled to all available statutory penalties, including but not limited to, civil penalties pursuant to California Labor Code §§ 200, 210, 558, 1194, 1197.1, and other applicable provisions under the

California Labor Code and IWC Wage Order, and an award of costs, expenses, and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Lab. Code §§ 201-203]**

(*For Plaintiff and the Class against Kuehne + Nagel*)

36.  Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 35.

37.  Pursuant to California Labor Code §§ 201, 202, and 203, Kuehne + Nagel is required to pay all earned and unpaid wages to an employee who is discharged.  California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

38.  Further, pursuant to California Labor Code § 202, Kuehne + Nagel is required to pay all accrued wages due to an employee no later than seventy-two (72) hours after the employee quits his or her employment, unless the employee provided seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

39.  California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to thirty (30) workdays.

40.  During the applicable statute of limitations period, Kuehne + Nagel has willfully failed to pay accrued wages and other compensation to Plaintiff and Class members in accordance with California Labor Code §§ 201 and 202.  Kuehne + Nagel does not have a sufficient policy to provide its non-exempt employees with their final paychecks within the timeframes required under California law.  In

addition, because Kuehne + Nagel has failed and continues to fail to properly compensate Plaintiff and Class members for all hours worked when due, overtime wages, and compensation for non-compliant meal and rest breaks, Kuehne + Nagel has also willfully failed and continues to fail to pay accrued wages and other compensation to them in accordance with California Labor Code §§ 201 and 202.

41. As a result, Plaintiff and Class members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

42. As a proximate result of the unlawful actions and omissions of Kuehne + Nagel, Plaintiff and Class members have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code § 1194.

## SIXTH CAUSE OF ACTION

**Failure to Maintain Required Records**

**[Cal. Lab. Code §§ 226, 1174; Wage Order No. 9-2001, § 7]**

(*For Plaintiff and the Class against Kuehne + Nagel*)

43. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 42.

44. During the applicable statute of limitations period, as part of Kuehne + Nagel's illegal payroll policies and practices to deprive Plaintiff and Class members of all wages earned and due, Kuehne + Nagel knowingly and intentionally failed to maintain records as required under California Labor Code §§ 226, 1174, and IWC Wage Order No. 9-2001, § 7, including but not limited to, the following records: total daily hours worked by each non-exempt employee; applicable rates of pay; all deductions; meal periods; time records showing when each non-exempt employee begins and ends each workday; and accurate itemized wage statements.

45. As a proximate result of Kuehne + Nagel's unlawful actions and omissions, Plaintiff and Class members have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon. Additionally, Plaintiff and Class members are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Lab. Code § 226; Wage Order No. 9-2001, § 7]**

(*For Plaintiff and the Class against Kuehne + Nagel*)

46. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 45.

47. During the applicable statute of limitations period, Kuehne + Nagel routinely failed and continues to fail to provide Plaintiff and Class members with timely, accurate itemized wage statements. For a substantial portion of the applicable statute of limitations period, Kuehne + Nagel's wage statements have violated California Labor Code § 226(a)(6) on their face by simply failing to list the inclusive dates of the period for which the employee is paid. Moreover, Kuehne + Nagel was not providing Plaintiff and Class members with proper meal periods and rest breaks but intentionally failed to include in their wage statements one (1) additional hour of compensation at their regular rates of pay for each non-compliant meal period or rest break, and also failed to accurately list all applicable hourly rates and wages paid as a result of Kuehne + Nagel's failure to pay proper overtime, resulting in deficient pay stubs that violate California law.

48. Plaintiff and Class members suffered injury as a result of Kuehne + Nagel's failure to provide timely and accurate itemized wage statements because it

prevented them from discovering the scope and extent of Kuehne + Nagel's violations of California wage and hour laws, prevented them from being able to determine the gross wages earned, the total hours worked, all deductions made, the net wages earned, all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

49. As a proximate result of Kuehne + Nagel's unlawful actions and omissions, Plaintiff and Class members have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, Plaintiff and Class members are entitled to all available penalties, including but not limited to penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200 *et. seq.*]

(*For Plaintiff and the Class against Kuehne + Nagel*)

50. Plaintiff incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 49.

51. Each and every one of Kuehne + Nagel's acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to, Kuehne + Nagel's failure to provide required meal and rest breaks, failure to pay proper overtime compensation, failure to pay timely wages, and failure to furnish accurate itemized wage statements or to maintain required records, constitute an unfair and unlawful business practice under California Business and Professions Code § 17200 *et seq*.

52. Kuehne + Nagel's violations of California wage and hour laws constitute a business practice because Kuehne + Nagel's aforementioned acts and

omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and Class members.

53. Kuehne + Nagel has avoided payment of wages, overtime wages, the provision of meal and rest breaks, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Kuehne + Nagel has failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

54. As a result of these unfair and unlawful business practices, Kuehne + Nagel has reaped unfair and illegal profits during the Class period at the expense of Plaintiff and Class members, and members of the public. Kuehne + Nagel should be made to disgorge its ill-gotten gains and to restore them to Plaintiff and Class members.

55. Kuehne + Nagel's unfair and unlawful business practices entitle Plaintiff and Class members to seek preliminary and permanent injunctive relief, including but not limited to orders that Kuehne + Nagel account for, disgorge, and restore to Plaintiff and Class members the wages and other compensation unlawfully withheld from them. Plaintiff and Class members are entitled to restitution of all monies to be disgorged from Kuehne + Nagel in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other persons similarly situated, respectfully prays for relief against Kuehne + Nagel and DOES 1 through 50, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;
2. For restitution of all monies due to Plaintiff and Class members, as well as disgorged profits from the unfair and unlawful business practices of Kuehne + Nagel;

3. For meal and rest break compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;

4. For liquidated damages pursuant to California Labor Code § 1194.2;

5. For preliminary and permanent injunctive relief enjoining Kuehne + Nagel from violating the relevant provisions of the California Labor Code and the IWC Wager Orders, and from engaging in the unlawful business practices complained of herein;

6. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 210, 226(e), 226.3, 1174.5, and 1197.1;

7. For interest on the unpaid wages at 10 percent per annum pursuant to California Labor Code §§ 218.6, 1194, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

8. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 218.5, 226, and 1194, and California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

9. For declaratory relief;

10. For an order requiring and certifying the First through Eighth Causes of Action as a class action;

11. For an order appointing Plaintiff as Class representative and Plaintiff's counsel as Class counsel; and

12. For such further relief that the Court may deem just and proper.

//
//
//
//
//
//

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: September 25, 2018        THE WAND LAW FIRM, P.C.

By: /s/ Aubry Wand
    AUBRY WAND

THE LAW OFFICE OF SCOTT E. WHEELER
Scott E. Wheeler

*Attorneys for Plaintiff and the Putative Class*